Case No. 5:18-cv-00160-R-KES                                    Date: March 26, 2018

Title:  ARTHUR RAY DEERE, SR., v. BORDERS, Warden

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   Order to Show Cause Why Petition Should Not Be Dismissed (Dkt. 1)

Petitioner Arthur Ray Deere, Sr. ("Petitioner") constructively filed a Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody in the Eastern District of California on or about January 6, 2018 (the "Petition").  (Dkt. 1 [signature date].)  Because Petitioner is (1) incarcerated at the California Institution for Men in San Bernardino County, and (2) was convicted in Riverside County, the action was transferred to the Central District of California, which embraces both areas.  (Dkt. 4.)

The Court has screened the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"), and finds that the Petition suffers deficiencies summarized below.  Petitioner is therefore ordered to show cause why this action should not be dismissed by filing a written response on or before April 30, 2018.

## I.    FACTUAL BACKGROUND.

### A.    Conviction and Sentence.

Petitioner is incarcerated based on 2007 convictions for attempted murder (Cal. Penal Code §§ 664, 187(a)), assault with a firearm (id., § 245(a)(2)), possession of a firearm by a felon (id. § 12021(a) (repealed)), and receiving stolen property (id., § 496(a)).  (Dkt. 1 at 1; see also People v. Deere, No. 044300, 2009 WL 1640189, at *1 (Cal. Ct. App. June 11, 2009).)  His sentence was enhanced based on the use of a firearm and three prior felony convictions.  Deere, 2009 WL 1640189, at *1.  The attempted murder conviction resulted in a sentence of a

determinate term of 35 years followed by a consecutive life term with a minimum term of 42 years. (Dkt. 1 at 1 ["77 years to life"]; Deere, 2009 WL 1640189, at *7.) Petitioner was given a stayed sentence on the assault count, and concurrent sentences on the others. Deere, 2009 WL 1640189, at *8.

## B. State Court Direct Review.

Following his 2007 conviction, Petitioner filed an appeal in the California Court of Appeal, which affirmed his judgment on February 27, 2009. People v. Deere, No. E044300, 2009 WL 498871 (Cal. Ct. App. February 27, 2009). The California Supreme Court subsequently granted review on May 13, 2009, and transferred the matter to the California Court of Appeal with directions to vacate its judgment and modify its opinion to "reflect the sentence as imposed by the trial court." People v. Deere, No. S171773 (Cal. May 13, 2009). Consistent with that mandate, the California Court of Appeal restated its original opinion on June 11, 2009, with modifications concerning the calculation of Petitioner's sentence. Deere, 2009 WL 1640189. The Court of Appeal directed the trial court to prepare a corrected abstract of judgment and sentencing minutes. Id. at *8. The appellate court otherwise affirmed the judgment. Id. Based on the attachments to the Petition, it appears that the Riverside County Superior Court filed an amended abstract of judgment on October 16, 2009. (Dkt. 1 at 81.)

## C. Prior Federal Habeas Proceedings.

During and after the pendency of his direct appeal, Petitioner filed four prior habeas actions in the Central District of California concerning his 2007 conviction.[1]

    1.    Case No. 5:07-cv-00039-R-CW (C.D. Cal. 2007) ("2007 Habeas Case").

On January 9, 2007, the Court docketed a petition for writ of habeas corpus filed by Petitioner as a pre-trial detainee. (2007 Habeas Case, Dkt. 1.) The District Judge construed the pre-trial petition to be brought pursuant to 28 U.S.C. § 2241 and summarily dismissed it without prejudice for failure to exhaust state remedies. (Id., Dkts. 15, 16.) The Ninth Circuit dismissed Petitioner's subsequent appeal on the basis that his proper recourse was to proceed with a direct appeal of his conviction, which occurred after Petitioner filed the 2007 action. (Id., Dkt. 31.)

    2.    Case No. 5:08-cv-01009-R-CW (C.D. Cal. 2008) ("2008 Habeas Case").

On or about June 23, 2008, Petitioner constructively filed a second habeas petition in the Central District of California. (2008 Habeas Case, Dkt. 1 [signature date].) The petition raised claims relating to (1) ineffective and conflicted trial counsel, (2) a violation of Petitioner's speedy trial right while the prosecution suppressed exculpatory evidence, (3) a violation of due process rights based on the superior court clerk's failure to send a notice of assignment to

---

[1] In 1996, Petitioner also filed a habeas matter, Arthur Ray Deere v. Gary Lindsey, 2:96-cv-06279-R-CW (C.D. Cal. 1996), that does not appear to be related to his 2007 conviction.

Petitioner and failure to timely present motions, (4) a violation of due process rights on appeal based on the superior court clerk's failure to file pre-sentencing motions, and (5) a denial of due process based on the failure of Petitioner's trial counsel to challenge prior strike convictions. (Id., Dkt. 1 at 5-6 [petition]; Dkt. 47 at 6 [report and recommendation summarizing claims].) After briefing, Magistrate Judge Carla M. Woehrle issued a 33-page Report and Recommendation dated June 20, 2012, recommending that Petitioner's claims be dismissed on their merits. (Id., Dkt. 47).[2] The District Judge accepted that recommendation and dismissed the case. (Id., Dkts. 50, 51.) The Ninth Circuit denied Petitioner's request for a certificate of appealability. (Id., Dkt. 57.)

　　　　　3.　　Case No. 5:09-cv-01331-R-CW (C.D. Cal. 2009) ("2009 Habeas Case").

On or about June 17, 2009, Petitioner constructively filed another habeas action in the Central District of California. (2009 Habeas Case, Dkt. 1 [signature date].) That petition asserted that California's Three Strike Law violates "established constitutional federal law." (Id. at 5.) On February 24, 2010, the District Judge summarily dismissed the action without prejudice as duplicative of the 2008 Habeas Case, which was pending at that time. (2009 Habeas Case, Dkt. 8.) The Ninth Circuit denied Petitioner's request for a certificate of appealability. (Id., Dkt. 18.)

　　　　　4.　　Case No. 5:15-cv-00520-R-CW (C.D. Cal. 2015) ("2015 Habeas Case").

On or about March 10, 2015, Petitioner constructively filed a fourth habeas case in the Central District of California alleging ineffective assistance of appellate counsel. (2015 Habeas Case, Dkt. 1 [signature date].) The District Judge summarily dismissed it as successive. (Id., Dkt 4.)

### D.　**Prior State Habeas Proceedings.**

Based on online records, it also appears that Petitioner filed a number of state court habeas petitions. Biggs v. Terhune, 334 F.3d 910, 915 n.3 (9th Cir. 2003) ("Materials from a proceeding in another tribunal are appropriate for judicial notice."). While the Court will not summarize each petition here, Petitioner cites three specific actions that he asserts exhausted his current habeas claim at each level of the state courts. They are as follows:

- In re Arthur Ray Deere, Sr., on Habeas Corpus, No. 16-HC-1844 (Amador Ct. Supp. Ct. 2016), habeas petition denied December 8, 2016. (Dkt. 1 at 6, Appendix B.)

---

[2] This occurred well after the Riverside County Superior Court's October 16, 2009, entry of an amended abstract of judgment. See also Johnson v. Duffy, 591 F. App'x 629, 630 (9th Cir. 2015) ("[A]n amendment to an abstract is a clerical change in California, not a new judgment.").

- In re Arthur Ray Deere, Sr., on Habeas Corpus, No. C083748 (Cal. Ct. App. 2017), habeas petition denied January 12, 2017. (Dkt. 1 at 6, Appendix A.)

- In re Arthur Ray Deere, Sr., on Habeas Corpus, No. S239855 (Cal. 2017), habeas petition denied March 15, 2017. (Dkt. 1 at 7, Appendix C.)

### E. The Instant Petition.

The instant Petition alleges one ground for relief: that the "State of California violated [Petitioner's] 8th Amendment Constitutional rights without any due process or equal protect[ion] under 14th Amend[ment]." (Dkt. 1 at 5.) The basis for that claim is that by "wit[h]holding needed medical care, CDC [California Department of Corrections] medical staff allowed [Petitioner's] Hepptitis [sic] C infection to destroy [his] liver." (Id.) Petitioner asserts that "CDC had the ability to cure [his] infection the whol[e] time, but were indifferent to [his] dire medical needs," which has "put [him] on a slow and painfull [sic] death status …." (Id.) Petitioner claims that this violates "the multiple punishment[,] cruel and unusual punishment[,] and torture without any legal counsel," and has exceeded "lawfull [sic] punishment in excess of the life sentence" that he received. (Id.) Petitioner contends that "CDC did not have lawfull [sic] authority to speed up [his] death at all." (Id.) He requests his "unconditional release from CDC." (Id. at 15.)

## II. DISCUSSION.

### A. Legal Standard.

"Congress envision[s] district courts taking an active role in summarily disposing of facially defective habeas petitions," Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998), because "[i]t would waste scarce judicial resources for the district court to cause the facially defective petition to be served on the State and to entertain the State's ensuing motion to dismiss …." Id. at 1128. Rule 4 provides that a judge must "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition …." Here, as explained below, the Petition appears (1) to be successive, and (2) to improperly challenge prison conditions through a habeas action instead of a civil rights action.

### B. The Petition Appears To Be Successive.

A new habeas petition that is brought under 28 U.S.C. § 2254 and that challenges the same state court judgment addressed in a prior § 2254 petition disposed of with prejudice is a "second or successive" petition. A federal district court may not consider a second or successive petition unless the petitioner has first obtained an order from the circuit court of appeals authorizing the district court to review the new petition. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (per curiam). The court of appeals may authorize

review of a second or successive petition in the district court only if the petitioner "makes a prima facie showing [to the court of appeals] that the application satisfies the requirements of" 28 U.S.C. § 2244(b). 28 U.S.C. § 2244(b)(3)(C); Felker v. Turpin, 518 U.S. 651, 657 (1996).[3] A petitioner's failure to secure an order from the Ninth Circuit deprives a district court of subject matter jurisdiction. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (vacating district court's order dismissing habeas petition and denying certificate of appealability because, once the district court determined the petition was "second or successive" under § 2244(b), "it lacked jurisdiction to consider the merits of his petition").

Here, the Petition challenges the same 2007 conviction addressed in each of the 2008, 2009, and 2015 Habeas Cases. In the 2008 Habeas Case, a reasoned order was issued denying Petitioner's claims on their merits. Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit Court of Appeals authorizing this Court to consider his new claims prior to the filing of the instant Petition. Although the District Judge's order dismissing the 2015 Habeas Case unequivocally advised Petitioner of that fact, there is no indication in the record that Petitioner sought and received permission to file a second or successive petition. (2015 Habeas Case, Dkt. 4 at 3 ("Petitioner may file a new petition in this court if and only if he first obtains authorization from the Ninth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).").) It therefore appears that the Court lacks jurisdiction to consider the Petition.

### C.    The Petition Appears to Raise Civil Rights, Not Habeas, Claims.

"The Supreme Court has recognized that '[f]ederal law opens two main avenues to relief on complaints related to imprisonment: [1] a petition for habeas corpus, 28 U.S.C. § 2254, and [2] a complaint under the Civil Rights Act of 1871 … 42 U.S.C. § 1983.'" Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (citing Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam)). In this case, Petitioner choose to pursue a habeas petition under § 2254, not a civil rights claim under § 1983. Federal habeas relief is available "only on the ground that [an inmate] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Civil rights claims, on the other hand, can be used to remedy the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person acting under color of state law. 42 U.S.C. § 1983. In other words, "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be

---

[3] "The relevant provisions … impose three requirements on second or successive petitions: First, any claim that has already been adjudicated in a previous petition must be dismissed. [28 U.S.C.] § 2244 (b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244 (b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244 (b)(3)." Gonzalez v. Crosby, 545 U.S. 524, 529-30 (2005).

presented in a § 1983 action." Nettles, 830 F.3d at 927 (citing Muhammad, 540 U.S. at 750).

Here, while Petitioner presents his claim in a habeas petition, he does not cite to any provision of the United States Constitution or federal law that prohibits the continued incarceration of a person with a serious medical illness, even if that person has chronic conditions requiring medical attention. Petitioner does invoke the Eighth Amendment's prohibition against "multiple punishment[,] cruel and unusual punishment[,] and torture." (Dkt. 1 at 5.) His claim, however, is based on medical staff's alleged failure to properly treat his Hepatitis C, not an assertion that individuals with Hepatitis C cannot be constitutionally incarcerated.[4]

To the extent that Petitioner asserts that he cannot obtain appropriate medical care in prison, it is true that the Eighth Amendment forbids the government from being deliberately indifferent to prisoners' serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); see also Farmer v. Brennan, 511 U.S. 825, 835 (1994); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002). However, the remedy for such an Eighth Amendment violation, if proven, is "not release from prison, but rather 'judicially mandated change in conditions and/or an award of damages.'" Burnett v. Faecher, No. 08-2745-PSG-MLG, 2009 WL 2007118, at *6 (C.D. Cal. July 6, 2009) (citing Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979) and dismissing Plaintiff's request for release in § 1983 civil rights action alleging deliberate indifference to serious medical needs); see also Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990) (reversing preliminary grant of bail to habeas petitioner with AIDS, reasoning, "If [Plaintiff] proves his claims of cruel and unusual punishment because of medical treatment, the most relief that he could obtain would be an injunction against practices that are in violation of the Eighth Amendment, or a mandatory injunction to bring his treatment up to constitutional standards.").

Accordingly, it appears that the proper vehicle for Petitioner to challenge his alleged inability to obtain medical care for his Hepatitis C is a civil rights action filed under 42 U.S.C. § 1983, not a habeas petition seeking custodial release. Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that … challenge the conditions of a prisoner's confinement … fall outside [the] core [of habeas relief] and may be brought pursuant to § 1983 ….").

### III.  ORDER.

Based on the above, this action appears subject to dismissal under Rule 4. Petitioner is therefore ordered to show cause why this action should not be dismissed by filing a written response on or before April 30, 2018. Information relevant to the Court's analysis would include any facts or legal argument explaining why Petitioner believes that the Petition (1) is not

---

[4] The Eighth Amendment also prohibits the imposition of punishments that are "grossly" disproportionate to the crime. Graham v. Florida, 560 U.S. 48, 59-60 (2010). But Petitioner does not allege that a state actor imposed his Hepatitis C infection as a punishment (i.e., caused him to contract the disease), but instead, asserts that it was not properly treated.

successive, and (2) raises claims properly asserted in a habeas petition as opposed to a civil rights action. If the Court receives no response, then Petitioner's claims will be dismissed.

      Instead of filing a response to this Order, Petitioner alternatively may request a voluntary dismissal of this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. The Clerk of Court will attach a Notice of Dismissal form. The Court warns that dismissed habeas claims, if later re-filed, may be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1).

      If Petitioner wants to pursue a civil rights claim for Eighth Amendment violations based on deliberate indifference to his medical conditions—without requesting release from prison—then he may dismiss this habeas petition and file a civil rights action pursuant to 42 U.S.C. § 1983.[5] The Clerk of the Court shall attach a form complaint for this purpose. Civil rights actions are also subject to a limitations period.

                                                                                                                      Initials of Deputy Clerk JD

---

[5] Where a complaint is "amenable to conversion on its face," a district court has discretion to "construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." Nettles, 830 F.3d at 936. A complaint is "amenable to conversion" where it "names the correct defendants and seeks the correct relief." Id. (citing Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court is not inclined at this time to construe the Petition as a civil rights complaint, including because it (1) does not name as defendants the individual(s) responsible for Petitioner's medical treatment, and (2) seeks as a remedy Petitioner's release from custody which, as explained above, is not appropriate for an Eighth Amendment claim of deliberate medical indifference.